UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH MATTHEW GAINEY,

    Plaintiff,

v.                                          Case No. 3:19cv1699-MCR-HTC

D. BRASSEUR OFFICER,
CHIEF EDMONDS, and
CAPTAIN MCDANIEL,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte.* Plaintiff, Joseph Matthew Gainey, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a first amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 4. This matter has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that all claims against Chief Edmonds and Captain McDaniel be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. However, the Court finds that the first amended complaint is sufficient to be served on Defendant Brasseur in his official and individual capacity.

## I.   Background

Gainey, who is confined at the Okaloosa County Jail, alleges that he was on the upstairs tier of his pod about to get into the shower on May 21, 2019, when he was approached by a prison guard, Defendant Brasseur.  ECF Doc. 4 at 5.  Brasseur told Gainey that Gainey's shorts were "contraband" and that he was "to acquire them."  *Id.*  Gainey disagreed and asked to speak with the captain.  *Id.*  Brasseur responded that the captain was in the tower and had already instructed Brasseur to acquire the shorts.  *Id.*  Gainey again "respectfully requested" to speak to the captain, but Brasseur became "very irate," grabbed Plaintiff by the shirt, forced Gainey's head violently into the metal bars, and began hitting him with handcuffs.  *Id.*  Because of the pain, Gainey attempted to grab his head, and Brasseur attempted to push him down the stairs.  *Id.*  Gainey grabbed the handrail and held on, but Brasseur then, "with a look in his eyes," began to attempt to push Gainey over the rail "as hard as he could."  *Id.* at 5-6.  Another guard came running into the pod with his stun gun drawn, and Brasseur yelled for him to stun Gainey.  *Id.* at 6.  The guard saw that Gainey was not resisting, so he did not stun him but instead told Gainey to "cuff up," which Gainey did.  *Id.*

Defendants Edmonds and McDaniel responded to and investigated the use of force, including getting statements from multiple witnesses.  *Id.*  They did not "prevent or act upon [them], despite knowing of the allegation" according to Gainey.

*Id.* There is no allegation Edmonds or McDaniel were present during the incident. Gainey alleges Edmonds and McDaniel's post-incident conduct "constitutes deliberate indifference" on the part of Defendants Edmonds and McDaniel. *Id.* Gainey alleges he suffered a bump on the head, scratches, a back and neck injury that is "painful at times from the constant jerking in a violent manner by Officer Brasseur." *Id.*

Gainey sues Officer Brasseur in his individual and official capacity. *Id.* He sues Chief Edmonds and Captain McDaniel in their official capacities only. *Id.* He argues the actions of Defendant Brasseur constituted cruel and unusual punishment under the Eighth Amendment and assault and battery under Florida law. *Id.* at 7. He argues Defendants Edmonds and McDaniel failed to intervene to prevent the use of force, in violation of the Eighth Amendment. *Id.* For remedies, he seeks an award of compensatory damages against all defendants jointly and severally "for physical and emotional injuries" sustained as a result of the use of force. He also seeks "[a]ny other relief as it may appear that the Plaintiff is entitled." *Id.*

## II.   28 U.S.C. § 1915A Prescreening Standard

Because Plaintiff is a prisoner, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. § 1915A(a)-(b); see also 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to in forma pauperis proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

### III. Claims against Defendants Edmonds and McDaniels

In his statement of claims, Gainey argues that Defendants Edmonds and McDaniel failed to intervene to prevent the use of force, in violation of the Eighth Amendment. ECF Doc. 4 at 7. However, in his statement of facts, he alleges "Defendants Edmonds and McDaniel responded to and investigated the facts

including getting statements from multiple witnesses and did not prevent or act upon [sic] after knowing of the allegation and constitutes [sic] deliberate indifference." *Id.* at 6. Nowhere does Gainey allege that Edmonds and McDaniels personally participated in, were nearby to, observed or had the opportunity to stop the use of force by Brasseur.

First, if Gainey is seeking relief under § 1983 because Defendants Edmonds and McDaniels failed to prosecute or punish Brasseur, his claim fails. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Smith v. Shook*, 237 F.3d 1322 (11th Cir. 2001); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *McGraw v. Temple*, No. 2:11-CV-1087-WHA, 2014 WL 6862510, at *4 (M.D. Ala. Dec. 3, 2014) (dismissing under 28 U.S.C. § 1915A a claim by a prisoner requesting prosecution or punishment of prison guard for alleged assault and battery during a use of force).

Second, to the extent Gainey is seeking to hold Edmonds and McDaniel liable simply because they supervised Brasseur, he has failed to state a claim for supervisory liability. As an initial matter, supervisory officials cannot be held liable under § 1983 for unconstitutional acts by their subordinates based on respondeat-superior or vicarious-liability principles. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Supervisory liability under § 1983 occurs only "when the

Case No. 3:19cv1699-MCR-HTC

supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Valdes v. Crosby*, 450 F.3d 1231, 1236 (11th Cir. 2006).  A casual connection can be established through facts that show (1) a history of widespread abuse which puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights or (3) the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999).

As sated herein, there are no factual allegations showing that Edmonds or McDaniel participated in any excessive use of force.  Rather, Gainey alleges Edmonds and McDaniel "responded to" the use of force.  Gainey also does not allege any facts to establish a causal connection.  He has not alleged facts to show that Edmonds or McDaniel had a custom or policy that resulted in deliberate indifference; that either directed Brasseur to use force or that there is a history of widespread abuse that would put them on notice of the need to correct Brasseur's conduct.  Accordingly, Gainey fails to state a claim against Defendants Edmonds and McDaniel in their official or individual capacities.

Case 3:19-cv-01699-MCR-HTC   Document 7   Filed 08/06/19   Page 7 of 8

Page 7 of 8

Additionally, because this Court has already provided Gainey an opportunity to substantively amend his complaint to state a cause of action against Edmonds and McDaniel, and Gainey was still unable to do so, the undersigned finds that an additional opportunity would be futile.

### III.   Conclusion

Accordingly, it is respectfully RECOMMENDED:

1.   That all claims against Defendants Edmonds and McDaniel be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2.   That the clerk be directed to terminate Edmonds and McDaniel as Defendants and refer this case back to the undersigned for further proceedings against Defendant Brasseur.

And it is hereby ORDERED:

That Plaintiff is directed to submit to the Court one (1) service copy of his first amended complaint.  The service copy should be identical to the first amended complaint at ECF Doc. 4.  In the alternative, Plaintiff may pay to the clerk the costs of copying his petition, at a rate of fifty cents ($.50) per page.  Plaintiff must submit the copy or the payment for copying, by **September 4, 2019**.

Case No. 3:19cv1699-MCR-HTC

At Pensacola, Florida, this the 6th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.