UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH MATTHEW GAINEY,

    Plaintiff,

v.	Case No. 3:19cv1699-MCR-HTC

OFFICER D. BRASSEUR,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Matthew Gainey, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a first amended civil rights complaint under 42 U.S.C. § 1983, alleging that Officer Brasseur violated his Eighth Amendment rights and committed assault and battery under Florida law during a use of force at the jail.[1]  ECF Doc. 4. On January 3, 2020, Defendant Brasseur filed a motion to dismiss.  ECF Doc. 21. This matter has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  Upon consideration, and after giving Gainey an opportunity to respond, the undersigned respectfully recommends that Brasseur's motion to dismiss be GRANTED for failure to exhaust

---

[1] The amended complaint also named as defendants Chief Edmonds and Captain McDaniel.  The Court dismissed those defendants on September 4, 2019.  ECF Doc. 10, Order Adopting Report and Recommendation (ECF Doc. 7).

and that this Court decline to exercise jurisdiction over the Plaintiff's state law claims.

## I. BACKGROUND

Gainey, who was confined at the Okaloosa County Jail at the time of the events in this suit, alleges that he was on the upstairs tier of his pod about to get into the shower on May 21, 2019, when he was approached by a prison guard, Defendant Brasseur. ECF Doc. 4 at 5. Brasseur told Gainey that Gainey's shorts were "contraband" and that he was "to acquire them." *Id.* Gainey disagreed and asked to speak with the captain. *Id.* Brasseur responded that the captain was in the tower and had already instructed Brasseur to acquire the shorts. *Id.* Gainey again "respectfully requested" to speak to the captain, but Brasseur became "very irate," grabbed Plaintiff by the shirt, forced Gainey's head violently into the metal bars, and began hitting him with handcuffs. *Id.* Because of the pain, Gainey attempted to grab his head, and Brasseur attempted to push him down the stairs. *Id.* Gainey grabbed the handrail and held on, but Brasseur then, "with a look in his eyes," began to attempt to push Gainey over the rail "as hard as he could." *Id.* at 5-6.

Another guard came running into the pod with his stun gun drawn, and Brasseur yelled for him to stun Gainey. *Id.* at 6. The guard saw that Gainey was not resisting, so he did not stun him but instead told Gainey to "cuff up," which Gainey did. *Id.* Gainey alleges he suffered a bump on the head, scratches, a back and neck

injury that is "painful at times from the constant jerking in a violent manner by Officer Brasseur." *Id.*

Gainey sues Officer Brasseur in his individual and official capacity. *Id.* He argues the actions of Defendant Brasseur constituted cruel and unusual punishment under the Eighth Amendment and assault and battery under Florida law. *Id.* at 7. For remedies, he seeks an award of compensatory damages against all defendants jointly and severally "for physical and emotional injuries" sustained as a result of the use of force. He also seeks "[a]ny other relief as it may appear that the Plaintiff is entitled." *Id.*

## II. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from

those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

One of the grounds for dismissal raised by the Defendant is failure to exhaust. When failure to exhaust is raised in a motion to dismiss, it should be treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing *Bryant*, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make

specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

## III. DISCUSSION

Although the Defendant moves to dismiss Plaintiff's action on several grounds, the undersigned finds the exhaustion issue to be dispositive of Plaintiff's federal claim. Thus, the undersigned finds it unnecessary to address the other grounds raised.

### A. Exhaustion Of Available State Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734, 741. The requirement is not subject to waiver by a court or futility or inadequacy exceptions. *See id.* at 741 n.6.

Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006); *see also id.* at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204 (2007). A court must dismiss an action if satisfied the inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

In *Jones*, the Supreme Court held that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules -- rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust. *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

1. The Jail's Grievance Procedure

Since Gainey was incarcerated at Okaloosa County Jail at the time of the incident in question, it is the Jail's procedures that are at issue. As set forth in the Affidavit of Captain April McDaniel, submitted in support of Defendant's motion, the Okaloosa County Department of Corrections ("the Department") has a general order setting out its inmate grievance policy. ECF Doc. 21-1 at 5. Pursuant to that policy, the inmate must file the complaint (grievance) within seven (7) days of the alleged incident. *Id.* at 6. Inmates within the jail have access to file a grievance through forms made available in the housing units and on "any kiosk." Additionally, an inmate handbook is made available to inmates which explains the grievance procedure. The policy is also an official record of the County.

The "[a]pplication of policies, rules, and procedures" and "[i]ndividual staff and inmate actions" can be grieved utilizing the inmate grievance policy. Once a grievance is submitted, it is assigned to a Captain who must respond within seven (7) days. The inmate can appeal the decision to the Major, who then has seven (7) days to answer an appeal. The inmate can then appeal the Major's decision to the Public Safety Director. ECF Doc. 21-1 at 6-7.

    2. <u>Gainey Failed to File a Grievance Relating to the Alleged Use of Excessive Force</u>

Defendant argues in his motion that Gainey did not file a grievance relating to the claims raised in this suit. In support of that position, Defendant relies on Captain McDaniel's affidavit in which she states that she has reviewed all grievances filed by Gainey during his incarceration at the Jail and that none "relate to an incident involving D. Brasseur in 2019." ECF Doc. 21-1 at 3. Although the grievances themselves were not attached to the affidavit, Gainey was given an opportunity to file a response and did not do so.

Additionally, it cannot be disputed that the grievance procedures were available to Gainey. Indeed, as stated in McDaniel's affidavit, Gainey filed thirteen (13) grievances on unrelated matters between October 12, 2018 and July 23, 2019. (ECF Doc. 21-1 at 3). Since Gainey has not challenged the statements in the motion to dismiss or Captain McDaniel's affidavit and has not otherwise explained his

failure to exhaust administrative remedies, under the *Turner* standard, there are no questions of fact for the Court to resolve.  Thus, the undersigned finds the amended complaint should be dismissed for failure to exhaust administrative remedies.

### B.   State Law Claims

Defendant also moves to dismiss Gainey's state law claims because Gainey failed to provide the pre-suit notice required under Florida Statutes.  ECF Doc. 21 at 11-2.  Under Florida law, "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate state agency . . . within three years after such a claim accrues and . . . the appropriate state agency denies the claim in writing." § 768.28(6)(a), Fla. Stat.  "State agencies or subdivisions include . . . counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the . . . counties, or municipalities."  *Id*. at (2).

A plaintiff is required to satisfy the statutory obligation by alleging, in the complaint, that notice was given pursuant to the statute.  *Wagatha v. City of Satellite Beach*, 865 So.2d 89, 91 (Fla. 1988) and *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) ("a complaint must contain an allegation that such notice was given"); *see also Menendez v. N. Broward Hosp. Dist.*, 537 So.2d 89, 91 (Fla. 1988) ("768.28(6) is a condition precedent to maintaining a suit against a government entity . . . absent an allegation of departmental notice, the complaint

fails to state a cause of action"); *Rumler v. Department of Corrections*, 546 F.Supp.2d 1334, 1344 (M.D. Fla. 2008) ("Under Florida law, a complaint brought without first providing statutory notice must be dismissed.").

Defendant Officer Brasseur is an employee of the County, a state agency or subdivision, as defined by § 768.28(2), Fla. Stat. and as such, the Plaintiff is required to allege satisfaction of the statutory mandates of § 768.28(6)(a), Fla. Stat., as a condition precedent to bringing an action against the County or its officer in his official capacity. *See Menendez*, 537 So.2d at 91. The amended complaint, however, is devoid of any allegation that the Plaintiff complied with the statutory notice requirements of § 768.28(6)(a), Fla. Stat. before filing this action. Therefore, the state law claims should be dismissed. *See Rumler*, 546 F.Supp.2d at 1344.

Additionally, a federal court may decline to exercise supplemental jurisdiction over pendent state law claims once the federal claims are dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In fact, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988);

Case No. 3:19cv1699-MCR-HTC

*see also, e.g., Sirote v. BBVA Compass Bank*, 857 F. Supp. 2d 1213, 1223 (N.D. Ala. 2010), *aff'd*, 462 F. App'x 888 (11th Cir. 2012) (declining to invoke supplemental jurisdiction over attendant state-law claims after dismissing with prejudice a complaint's only federal claims for violations of TILA and RESPA). Since the undersigned finds that Plaintiff's federal claims should be dismissed for failure to exhaust, the undersigned also finds the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

## IV.   CONCLUSION

Accordingly, it is respectfully RECOMMENDED, that:

1. Brasseur's motion to dismiss, ECF Doc. 21, be GRANTED.

2. Gainey's amended complaint be DISMISSED.

2. The clerk be directed to close this file.

DONE AND ORDERED this 9th day of March, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.